**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Norris Mitchell, | ) No.  CV-18-03165-PHX-SPL |
| | ) |
| Petitioner, | ) |
| | ) **ORDER** |
| vs. | ) |
| | ) |
| David Shinn et al., | ) |
| | ) |
| Respondents. | ) |
| | ) |

## I.    BACKGROUND

On August 21, 2019, Magistrate Judge Eileen S. Willett issued a Report and Recommendation ("R&R") concluding that Petitioner's habeas petition, filed on October 2, 2018, was untimely and recommending dismissal. (Doc. 28). The R&R found that statutory tolling on Petitioner's habeas petition concluded on February 28, 2018—the date on which the Arizona Court of Appeals denied his PCR petition. (Doc. 28 at 6). Petitioner sought additional statutory tolling because he had subsequently filed a motion to amend his PCR petition and then sought review of the denial of that motion. (Doc. 28 at 4-5). The R&R rejected this argument because the motions were untimely and therefore not properly filed. (Doc. 28 at 4-5). Petitioner also argued he was entitled to equitable tolling based on the "ineptitude" of his attorney which caused the untimely filings. (Doc. 28 at 7-8); (Doc. 46 at 7). The R&R rejected this argument because "Petitioner has not shown that his attorney's conduct transcended 'garden variety' negligence." (Doc. 28 at 7). This Court adopted the R&R and dismissed the action. (Doc.  38).

1     Before the Court is Petitioner's Motion to Reopen the Case pursuant to Federal Rule
2  60(b). (Doc. 46). Petitioner argues the R&R miscalculated the statutory tolling period by
3  failing to account for the time he had to file a writ of certiorari with the US Supreme Court,
4  and again argues he is entitled to equitable tolling based on the ineptitude of his attorney
5  causing the untimely filings. (Doc. 46 at 3-5).

6  **II.    LEGAL STANDARD**

7     Federal Rule 60(b) "allows a party to seek relief from a final judgment, and request
8  reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S.
9  524, 528 (2005). The Rule states that "the court may relieve a party or its legal
10 representative from a final judgment, order, or proceeding" on the basis of "mistake,
11 inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed.
12 R. Civ. P. 60(b)(1)-(6). A movant seeking relief under Rule 60(b) must show
13 "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*,
14 545 U.S. at 535 (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). Such
15 circumstances "rarely occur in the habeas context." *Id.*

16 **III.    DISCUSSION**

17     In relevant part, under the Anti-Terrorism and Effective Death Penalty Act of 1996
18 ("AEDPA"), 28 U.S.C. § 2254, a state prisoner must file his or her federal habeas petition
19 within one year of "[t]he date on which the judgment became final by the conclusion of
20 direct review or the expiration of the time for seeking such review." *Id.* Here, the Arizona
21 Court of Appeals denied Petitioner's PCR petition (and, thus, Petitioner's application was
22 no longer "pending") on February 28, 2017. (Doc. 12 at 6). The statute of limitations was
23 statutorily tolled until February 28, 2017, at which point the one-year statute of limitations
24 began. Petitioner therefore had until February 28, 2018 to file his habeas petition.

25     To the extent Petitioner argues the R&R miscalculated the statutory tolling period
26 by failing to account for the ninety days he had to file a writ of certiorari with the US
27 Supreme Court (Doc. 46 at 3), any such error is harmless. These extra ninety days would
28 have only given Petitioner until May 29, 2018 to file a timely habeas petition. The petition

was not filed until October 2, 2018. Thus, the result is the same: the petition was not filed until well outside the statutory period.

Further, the R&R correctly concluded that Petitioner is not entitled to additional statutory tolling based on the filing of his motion to amend the PCR. Under AEDPA's statutory tolling provision, the limitations period is tolled during the "time during which a *properly filed* application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). Untimely petitions are not "properly filed" and therefore do not extend the tolling period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Here, Petitioner's motion to amend was denied as untimely. (Doc. 28 at 4). The Arizona Court of Appeals affirmed the denial. (Doc. 28 at 5). The petition to review the denial was also untimely and was therefore dismissed by the Arizona Supreme Court. (Doc. 28 at 50). Because these filings were untimely, they did not extend the statutory tolling period.

The R&R also correctly concluded that Petitioner is not entitled to equitable tolling. Petitioner argues he is entitled to equitable tolling because his attorney erroneously advised him that the statute of limitations on his habeas petition would be tolled pending the resolution of the motion to amend his PCR. (Doc. 28 at 7-8). As the R&R correctly explained, Ninth Circuit law makes clear that attorney mistakes "like miscalculating a filing deadline" and others which "cause a filing deadline to be missed" are not the sort of extraordinary circumstance required to warrant equitable tolling. (Doc. 28 at 7) (citing *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015)). Petitioner was therefore not entitled to equitable tolling based on the untimely subsequent motions.

Nor did the unfortunate death of Petitioner's first attorney save his habeas petition from being dismissed as untimely. The attorney's death occurred in March of 2018, and Petitioner argues he consequently "was abandoned from March 2018 until June 2018." (Doc. 46 at 6). But again, Petitioner's habeas petition was not filed until October 2018, four months after the alleged abandonment. It was not error for the R&R to dismiss the petition as untimely.

**IV.    CONCLUSION**

The legal conclusions of the R&R were not based on error or mistake, and Petitioner fails to allege any reasons that justify relief from the dismissal of his habeas petition. Because the petition was untimely, dismissal was warranted. Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Reopen Case (Doc. 46) is **denied**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied**.

**IT IS FURTHER ORDERED** that this matter shall remain closed.

Dated this 4th day of November, 2020.

Honorable Steven P. Logan
United States District Judge